# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

THOMAS HIGHTOWER,

    Defendant.

Case No. 93-CR-84-2-JPS

**ORDER**

**1.    BACKGROUND**

On August 24, 2020, Defendant filed a motion for compassionate release. (Docket #127). The Court referred the matter to Federal Defender Services of Wisconsin, Inc. ("FDS"), (Docket #128), and FDS subsequently filed a supplement on Defendant's behalf, (Docket #137). On February 3, 2021, the Government informed the Court that it would not be filing a brief in opposition to Defendant's motion. (Docket #141). The Court has reviewed these submissions and will grant Defendant's motion for compassionate release.

**2.    FACTS**

In 1993, Defendant was indicted for his role in a drug conspiracy. (Docket #137 at 2). After a jury trial in 1995, he was found guilty of one count of Conspiracy to Possess with Intent to Distribute at Least 5 Kilograms of Cocaine, Conspiracy to Possess with Intent to Distribute Heroin, and Use of a Firearm in Relation to a Drug-Trafficking Offense. (*Id.*) Defendant's codefendant, Marvin Linnear, and Defendant's stepson, were ranking members of the Crips gang from Los Angeles, California. (*Id.*) Linnear came to Milwaukee in 1990 and became involved in largescale

drug-trafficking. (*Id.*) Although it appears that Defendant was not present in Milwaukee—he remained in California—he allegedly had a leadership role in the conspiracy. (*Id.*)

At sentencing, Defendant was subject to a statutory sentencing range of 10 years to life imprisonment (based on the cocaine count), and to a pre-*Booker* mandatory guideline range of 360 months to life. (*Id.*) Due to Defendant's role in the offense as well as Defendant's engaging in obstruction of justice, his total adjusted offense level was enhanced to 37. (*Id.*) As a result of this offense level, Defendant was considered a career offender. (*Id.* at 2–3). The Court, by the Honorable Robert W. Warren, imposed a 600-month sentence on the drug counts and a consecutive 60-month sentence on the § 924(c) count, for a total sentence of 660 months' imprisonment, along with 5 years' supervised release. (*Id.* at 3).

Shortly thereafter, Defendant appealed. (*Id.*) The Seventh Circuit vacated Defendant's § 924(c) conviction in light of *Bailey v. United States*, 516 U.S. 137 (1995), which held that § 924(c)'s reference to "use" of a firearm was limited to "active" use. The court of appeals remanded for resentencing on the drug counts since all Defendant's sentences in this case had been imposed in connection to each other. (*Id.*) In 1997, at resentencing, this Court sentenced Defendant to 410 months' imprisonment, to be followed by 5 years' supervised release. (*Id.*) Defendant did not appeal again. (*Id.*) He has served over 26 years, which amounts to about 90% of his sentence. (*Id.* at 8–9). His expected release date is December 31, 2024. (*Id.* at 9).

Defendant is a 72-year-old male imprisoned at Federal Correctional Institution Big Spring ("FCI Big Spring") in Big Spring, Texas. (*Id.* at 4). He suffers from health problems associated with aging, including hypertension, hyperlipidemia, cataracts, and other age-related vision

problems. (*Id.*) Medical records also show that Defendant has had Hepatitis C and chronic kidney disease; the BOP considers these "resolved," but Defendant is still on medication for his kidneys. (*Id.*)

As of February 5, 2021, FCI Big Spring reports having 6 active inmate cases and 11 active staff cases of COVID-19.[1] There have been 3 inmate deaths and no staff deaths from the virus, and 787 inmates have recovered from the virus.[2]

## 3. LEGAL STANDARD

The Court can modify a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or thirty days after the warden at the defendant's facility has received such a request for release, "whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). There must also be "extraordinary and compelling reasons warrant[ing] such a reduction[.]" *Id.* § 3582(c)(1)(A)(i).

While § 3582(c)(1)(A) instructs that a reduction must also be "consistent with applicable policy statements issued by the [United States] Sentencing Commission," this circuit recently held that the relevant policy statement, U.S.S.G. § 1B1.13, is inapplicable to prisoner-initiated motions for compassionate release. *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). Therefore, a court has discretion when determining what constitutes an "extraordinary and compelling" reason warranting compassionate release. *Id.* ("[T]he trailing paragraph of § 3582(c)(1)(A) does not curtail a district judge's discretion. Any decision is 'consistent with' a

---

[1]Fed. Bureau Prisons, *COVID-19 Coronavirus*, https://www.bop.gov/coronavirus/ (last visited Feb. 5, 2021).

[2]*Id.*

Page 3 of 9
Case 2:93-cr-00084-JPS   Filed 02/09/21   Page 3 of 9   Document 143

nonexistent policy statement."). A district court may also "make the same determinations that would normally be left to the Director of the Bureau of Prisons [under the catchall provision at U.S.S.G. § 1B1.13 n.1(D)]." *United States v. Brown*, Case No. 01-CR-196-JPS, 2020 WL 4569289, at *4 (E.D. Wis. Aug. 7, 2020). Yet, this Court will evaluate prisoner-initiated motions for compassionate release with due regard for the guidance provided in § 1B1.13 because it "provide[s] a working definition of 'extraordinary and compelling reasons' . . . [which] can guide discretion without being conclusive." *Gunn*, 980 F.3d at 1180; *see also United States v. Mays*, Case No. 1:08-cr-00125-TWP-DML, 2020 WL 7239530, at *3 (S.D. Ind. Dec. 9, 2020) (evaluating compassionate motions brought under the "extraordinary and compelling" prong of § 3582(c)(1)(A) with "due regard" for § 1B1.13).

The commentary to the Sentencing Guidelines explains that "extraordinary and compelling reasons exist" when "[t]he defendant is suffering from a terminal illness, (i.e., a serious and advanced illness with an end of life trajectory)," such as cancer or advanced dementia. U.S.S.G. § 1B1.13 n.1.(A)(i). The commentary also considers a defendant's medical condition to be an extraordinary and compelling reason if:

> [t]he defendant is suffering from a serious physical or mental condition, suffering from a serious functional or cognitive impairment, or experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

*Id.* § 1B1.13 n.1.(A)(ii); *see also* § 1B1.13 n.1.(B) (noting that an extraordinary and compelling reason may exist where "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental

health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less").

The Court will also consider whether "the defendant is not a danger" to others or the community, as provided in 18 U.S.C. § 3142(g). *Id.* § 1B1.13(B)(2).

Prior to modifying a term of imprisonment, the Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a), if applicable. 18 U.S.C. § 3582(c)(1)(A). Pursuant to § 3553(a), when determining the sentence to be imposed, the Court shall consider, among other things: the nature and circumstances of the offense; the defendant's history and characteristics; and the need for the sentence to (1) reflect the seriousness of the offense, promote respect for the law, and provide just punishment, (2) afford adequate deterrence, (3) protect the public, and (4) provide the defendant with effective training, care, and/or treatment.

**4. ANALYSIS**

First, it appears that Defendant has exhausted his administrative remedies. (Docket #137 at 7; #137-1). *Gunn*, 980 F.3d at 1179 ("Failure to exhaust administrative remedies is an affirmative defense, not a jurisdictional issue that the court must reach even if the litigants elect not to raise it.") (internal citations omitted). The Court next determines whether Defendant has an extraordinary and compelling reason warranting his release.

The outbreak of COVID-19, together with a defendant's underlying medical conditions that place the defendant at "high risk" should he contract the disease, may establish an extraordinary and compelling reason warranting release. *See, e.g.*, *United States v. Gonzales*, Case No. 13-CR-101-JPS, 2020 WL 4437154, at *4 (E.D. Wis. Aug. 3, 2020). Defendant suffers from

a condition which, according to the Centers for Disease Control and Prevention, may increase one's risk for severe illness from COVID-19, namely hypertension.[3] Though it is unclear whether that Defendant has continuing kidney issues, he has a history of chronic kidney disease—another disease that places a person at increased risk of severe illness if combined with COVID-19[4]—and continues to take medication for the issue.

This Court finds that the combination of Defendant's health issues, in light of the risks posed by COVID-19 and the virus's spread at FCI Big Spring, constitutes an extraordinary and compelling reason warranting Defendant's early release. *See, e.g.*, *United States v. Johnson*, No. CR 4:16-577-BHH-1, 2020 WL 4501513, at *1 (D.S.C. Aug. 5, 2020) (finding an extraordinary and compelling reason for compassionate release where the defendant suffered from hypertension and chronic kidney disease during the COVID-19 pandemic). In addition, Defendant is old enough and has been in prison long enough such that he also meets the Sentencing Commission's age-focused definition of "extraordinary and compelling." That is, Defendant is over 65; his physical health is seriously deteriorating due to age; and he has both served more than 10 years and well over 75% of his sentence. *See* U.S.S.G. § 1B1.13 n.1.(B).

But the analysis does not end there; the Court must also consider whether Defendant is a danger to any other person or the community, pursuant to § 3142(g), and whether the § 3553(a) factors militate against his

---

[3]Ctrs. for Disease Control and Prevention, Coronavirus Disease 2019 (COVID-19), *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Feb. 5, 2021).

[4]*Id.*

release. Section § 3553(a) "requires that any sentence imposed be 'sufficient, but not greater than necessary' to serve the sentencing goals of punishment, deterrence, protection of the public, and rehabilitation, and which requires the court to consider 'the history and characteristics of the defendant.'" *United States v. Robertson*, 662 F.3d 871, 878 (7th Cir. 2011). Defendant has been imprisoned for more than 26 years for nonviolent drug offenses—this is about 90% of his total sentence. At a time when the Court determined that the public needed to be protected from Defendant, it removed him from society for 26 years. If this Court grants his motion for compassionate release, he will return as a 75-year-old man with significant age-related health issues. He has served a lengthy and significant portion of his sentence (and one that is higher than the average sentence for many other serious crimes). *United States v. Quinn*, 467 F. Supp. 3d 824, 828 (N.D. Cal. 2020) (noting in the context of granting a motion for compassionate release that the median sentence in 2019 "for murder was 20 years, for sexual abuse 15 years, for kidnapping 10 years"). Though he has a lengthy criminal history, it is from decades ago, and the Court is reminded that drug trafficking is "is generally a young man's game." *United States v. Presley*, 790 F.3d 699, 702 (7th Cir. 2015). It seems that Defendant has completed BOP programming, worked for UNICOR for many years, and has never been disciplined for serious infractions. (Docket #137 at 13). Finally, the Court finds it telling that the Government did not oppose Defendant's motion for release and has made no argument as to why Defendant should not be released. In light of the § 3553(a) factors, the Court will grant Defendant's motion for compassionate release.

5.  **CONCLUSION**

Defendant has exhausted his administrative remedies and also proffered an extraordinary and compelling reason warranting his release. The Court has determined that the § 3553(a) factors support Defendant's release. Further, the Government has opted not to oppose Defendant's release. Therefore, the Court will grant Defendant's motion for compassionate release, (Docket #127). The Court will also grant Defendant's motion to seal, (Docket #138), and, thus, his submission, (Docket #139), will be sealed.

Accordingly,

**IT IS ORDERED** that Defendant Thomas Hightower's motion for compassionate release (Docket #127) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Defendant Thomas Hightower's sentence be and the same is hereby reduced to "time served";

**IT IS FURTHER ORDERED** that this Order is **STAYED** for up to fourteen (14) days in order to complete any of the following, as may become appropriate and necessary: make appropriate travel arrangements, verify a residence, and establish a release plan. If these items have already been addressed, then Defendant must be released promptly. If more than fourteen days are needed to make appropriate travel arrangements, verify a residence, or establish a release plan, the parties shall immediately notify the Court and show cause why the deadline should be extended;

**IT IS FURTHER ORDERED** that the Bureau of Prisons take all steps necessary to release Defendant Thomas Hightower from incarceration in accordance with this Order and pursuant to the second amended judgment, which follows; and

**IT IS FURTHER ORDERED** that Defendant Thomas Hightower's motion to seal (Docket #138) be and the same is hereby **GRANTED**; Defendant Thomas Hightower's submission (Docket #139) be and the same is hereby **SEALED**.

Dated at Milwaukee, Wisconsin, this 9th day of February, 2021.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge